May it please the court, Gene Barabia on behalf of Mr. Ahmadzai, the only disputed issue before the court is whether there should have been given a unit and especially a limited instruction in the states. And we review for plain error, correct? I'm sorry, Your Honor? Do we review for plain error because that was not asked of the court below? Actually, I disagree. I think that the court should review for abuse of discretion because even though Mr. Ahmadzai's trial counsel never asked for a special unit instruction, there's no dispute there. But the court has said that they're going to deem all written objections to have been made at the time the jury instructions were discussed. I understand that Mr. McCormick's brief is arguing that that comment was referring to the previous instructions that were made by prior counsel when the case was originally set for trial. And, you know, I guess I respectfully disagree with that reading of the record. Well, let me just tell you what concerns me about your side of the argument, and perhaps you can help me out on the merits, leaving aside now the standard of review. Count one of the indictment charged only a single act. It said that he had lied on question three in the application form. And so why would the court have known that it should have given a unanimity instruction when the indictment charged only one act? I understand the question. It didn't charge two acts. It charged one. And he filed this form and lied on question three. So where does the unanimity come in other than just they have to vote to convict beyond a reasonable doubt? Well, the trial court has heard the evidence. I understand that the indictment charged a single act, and I don't disagree that it's focused on one act. But then the trial court has heard the evidence. By my calculation, you have at least two, maybe three acts that arguably meet the definition of Title 18, Section 1425A. But those would have been admissible for other purposes besides finding him guilty of those acts. Weren't they admissible for showing his intent and that he knowingly lied and for other permissible purposes for prior acts? Well, they might very well have been, but they were not admitted for that purpose. They were presented as direct evidence of criminal liability. There was never a discussion of any of the other acts being admitted as uncharged crimes, as sort of presentation or explanation for what happened. Ultimately, this was evidence that was presented by the government as direct evidence of my client's guilt. If you look at the government's closing argument, they were interchangeably using either the interview or the citizenship survey. Is it your position that the indictment was amended by the evidence that was admitted? Well, I don't know whether it was technically amended. I know it was the trial evidence was at variance with what they charged. They charged one thing, and they presented essentially three different things. Could the other evidence have been put in just to show knowledge or pattern of behavior rather than a separate crime? Well, are you asking whether it was theoretically possible or are you asking whether that happened? Well, I'm asking whether what was presented could be seen that way. I don't believe so. I suppose reasonable minds can disagree about anything, but I've read the record several times, and as far as I can tell, there's no reasonable way to read the record and interpret this as presenting other crimes' evidence. They presented this as direct evidence of liability, and they argued this this way. So I don't know how a reasonable juror would understand it to be other crimes' evidence. But they came in with a verdict convicting under the indictment that had the one charge 445 or whatever it was. Well, right. I understand that the indictment has one act, but the trial evidence had three acts, and this Court's decision in the United States and beyond says that a material discrepancy between the indictment and trial evidence could create a possibility of genuine jury confusion. So that's why I don't think that the fact that the indictment charged one thing sort of resolved the whole thing, because you also did. You have the trial evidence. Well, I guess we understand your position. I don't know whether. Did I answer your question? Yes, you did. Okay. Does the Court have any other question about whether or not an error pervasive was given in the jury structure was required? I think we understand your position. Well, I guess the one thing that I wanted to add on the error was that the way I understand Mr. McCormick's brief is that false statements are different false statements. They're essentially different means of completing the same element, and again, I disagree with that reading of the law, because I think the crime essentially targets making materially false statements in the process of applying for citizenship. So every time, essentially, you lie, I think they had you. So when you have multiple statements made in different forms on vastly different dates and actually pertaining to different time periods, this one application, which I think is N-400. N-445, I think. I'm sorry? N-445. Well, N-445 was sort of the form for citizenship swearing in certain ways. That deals with false interview conduct. Right. But N-400 deals with straight interview conduct, and they introduced both. And I think, you know, I urge the Court to read the closing argument. The government argued pretty strenuously that the statements made in the interview on July 9, 1993, and in the N-400, were materialist representation. So I think they were arguing their urgent conviction based either on that or this. So it was definitely not other kinds of evidence. And if the Court doesn't have any other questions about whether an error occurred, I want to briefly talk about prejudice, assuming if the Court were to find there was an error. I've argued in the brief that it was a structural error. And last night, I found the United States v. Montalvo, and I think in light of that, while I disagree with it, I think Montalvo said it was not a structural error. So to the extent of arguing otherwise, I was incorrect. Again, like I said, I don't necessarily agree with it, but that's what the case says. And as far as whether prejudice is shown, as we said in the brief, the government evidence here was legally sufficient. It wasn't overwhelming. And I don't think my client's defense was so beyond reason that the jury couldn't have credited it had it been properly instructed. And if the Court doesn't have any other questions about whether it was. Was a copy of the indictment sent to the jury during the course of deliberations? Well, I believe it always is sent. No, it isn't always sent. That answers the question, Your Honor. I don't go one way or the other, to be honest with you. I'd be happy to further brief the Court. I can try to look this up and try to answer it later. Well, it might be in the clerk's notes. Actually, that's a very good question, Your Honor. Unfortunately, I won't go into those. Well, the Court read the indictment to the jury pool before voir dire began, and there's like a hint in the discussion with the jury afterwards that maybe the indictment did go back, because he talked about, well, the indictment isn't evidence suggesting that it may have gone back. I didn't find a clear indicator one way or the other. Actually, that's a good question. Again, I guess if the indictment didn't go to the juror, then that's further evidence that they were focused exclusively on the trial evidence, not so much on the indictment. But even if they had the indictment, I would think that you have enough of a conflict that it creates a genuine possibility of jury confusion. And if the Court doesn't have it as a question, I'd like to reserve my remaining minute or so for rebuttal. All right. Thank you. Good morning. Sean Claude Andre on behalf of the United States. The problem in this case, whereas the problem with the defendant's position, is that it rests on two erroneous premises. First, that the trial evidence brought in evidence of multiple crimes, and secondly, that the old pre-1991 cases that predate the United States Supreme Court's decision in Chaffee, Arizona, somehow survived. In particular, the unit of prosecution for this crime is not each false statement. This is not a 1001 case where the defendant's four misrepresentations, the two in 1993, one oral and one written, and the two in 1994, one oral and one written, each could have been separately charged. This is a case where the unit of prosecution is the attempt or the procurement of naturalization, whether that procurement takes a year and a half to occur, as it did in this case, or whether it takes a shorter period of time. So the fact that there might have been evidence that came in for whatever purpose, and I'll try to answer the Court's questions in just a second as to what purpose, for what purpose the evidence came in. To the extent that evidence came in of four misrepresentations, there's no possibility of jury confusion in light of Shad, because any one of those misrepresentations would have been sufficient, or would have been a sufficient means to establish that the defendant was caught. But the question is, did they need to agree on which statement? Not at all, Judge Fletcher. And that's because in light of Shad, unless you have one of these unusual facts that actually is an element, that the legislature has designated as an element, there need not be a unanimous, there need not be unanimity on which means or which act satisfies a particular element. Justice Scalia's concurrence in Shad was particularly illustrative of how this works. And it's not just Justice Scalia writing to write. He actually cast the fifth deciding vote in that case. So I think it's also legally important. What he said is, you can have a scenario where you go into a house and you find a dead woman's body burned horribly. And it doesn't matter whether the defendant, who everybody knows set out to kill her, it doesn't matter whether the defendant strangled her and then set the house on fire to kill her, or whether he strangled her and she actually died during the strangulation and then accidentally set the fire on the way out. Either way, you have a murder, and both acts are equally, have the same equal moral culpability, and therefore they need not be unanimity. It's the same thing here. The defendant told four lies all in the process of trying to procure naturalization. So if you're correct in your analysis, the standard of review in a sense doesn't matter, because if there was absolutely no error, as you see it, it doesn't matter whether it's plain error or abuse of discretion or anything else. Well, that's right. I mean, the government's position is that there was absolutely no error. There was no error here at all, but certainly not a plain error, because we don't think that the plain error standard of review would apply. I guess to get to your question at the outset, Judge Graber, about what standards should apply, I don't think anybody in the courtroom understood Judge Selma's comment to mean that he was somehow saying, Rule 52B doesn't apply in this case. I'm not sure a trial judge could do that. The Federal Rules of Criminal Procedure not only bind the litigants, they also bind the courts. And if you also look at the context, if the parties thought that somehow Judge Selma was absolving them of their responsibility to make objections, then there wouldn't have continued to be discussions about the form of the jury instructions. Do you know the answer to Judge Gregersen's question about whether the indictment went back to the jury room? All I know more than what you pointed out, Judge Graber, is that it's not Judge Selma's practice to send it back. So he did read it to the entire veneer at the beginning of day one of trial. There are some references, as you noted, to the indictment and the jury instructions. But to my understanding, he didn't send it back. I checked with my colleagues. They did not prepare a trial indictment, which is presumably what they would have had to do, given that the indictment was originally three counts and the face page would have listed three counts. They would have had to do some kind of redacting there. They didn't prepare one. So I think all emphasis is that it did not go back. Okay. Thank you. Let me ask this question to make sure I'm clear. Now, the indictment related to only one statement. Is that correct? That's correct. The indictment, to the extent that we were listing how it would overact, the way that the defendant tried to procure citizenship unlawfully, it only listed one statement. Why did the government muddy everything up by putting in evidence about other statements? Well, to get back to some of the questions earlier, the government put that in as 404B, absence of mistake evidence. There was a hearing, I believe it was March 2nd, 2007, after some motions in limine were filed. In fact, we filed a motion in limine to say we want the 19 ‑‑ so we want the form 455 misstatement and the interview with Teddy Casagrura to come in to show that the defendant clearly knew what he was doing when he was lying on the form 455. But there was absolutely nothing that I could find that the government made it clear why it was coming in. I'm sorry? There's nothing in the transcripts which would show that the government was putting this in for the limited purpose of showing that there wasn't any mistake or he knew what he was doing. Oh, during the trial? Yeah. That's correct. There wasn't a limited instructional discussion during the trial, but there was a discussion in pretrial motions. Yes, but I'm thinking about what the jury heard. No, I understand. And I guess then to get to your earlier question to Mr. Rabia, I don't think there was an amendment here of the indictment. There may have been a variance, and I don't know if we have a brief on this issue, but in the meeting of, like, Banstol and his progeny and Hartz, the elements that the jury was asked to evaluate did not change in light of, to borrow your words, Judge Fletcher, the government kind of muddying up the facts. Ultimately, the jury was still asked to say, did the defendant knowingly make a material false representation in an attempt to procure naturalization? And so under the cases discussed in the Hartz case, for example, that's just a variance, and therefore the defendant would still bear the burden to shield prejudice from it. We don't think he can here because the evidence was so strong that, and I'm not calling the defendant names, but that the defendant was, I think, a liar in all things, that he lied about things unrelated to his naturalization, and then he repeatedly told lies to try to procure citizenship. Unless the court has further questions. I'll try to be brief here. I only have a minute. Number one, I guess I respectfully disagree with counsel about what the unit of prosecution is, because this statute doesn't require the defendant to actually procure citizenship. It could be based on attempted procurement. Also, the government does not have to prove that he was absolutely ineligible for citizenship. All they have to do is prove that the evidence raises a fair inference of ineligibility. Basically, that he lied about something that would have caused the INS investigator to go back and look at his case or her case more closely. And that's why I respectfully disagree with the interpretation that the act of procuring citizenship is the unit of prosecution. I think a material misstatement regarding your qualifications is what completes the crime. On the plain error, the only thing I can add to what I already said in the briefing is, at the time that this court made the comment about the objections to instructions being made, there was no reason for the court to refer to the prior objections, because the parties were going through jury instructions. So, Mr. Kleinadis could have made whatever objections to the instructions he wanted at that time. That wouldn't have been the time. So, there was no reason for the court to reference back to whatever was done in the trial trial. And I can also tell the court that it's not infrequent that sometimes judges would make ruling deeming all objections being made to save time for counsel during argument, to make sure that whatever prejudices could exist are protected for review on the merits as opposed to being cast aside by forfeiture or being relegated to a lower standard of review. So, I don't think there's anything unusual about the court doing that. And as far as prejudice, the only thing I would say is the government hasn't addressed the prejudice argument in their briefing. I don't think it's proper for them to come in and start talking about it for the first time at oral argument. I would not have any chance to respond. I made the argument in the opening brief. There was no response. I pointed that out in my reply brief. I don't think you should consider any prejudice argument at this point. At least not without letting me answer. That's the point I'm going to get questions on. Thank you. All right. Thank you. The matter is submitted. All right. The next matter is
judges: Fletcher B. , Pregerson, Graber